IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | * | CHAPTER 13 |
| JOHN L. NEGLEY, IV | * | |
| d/b/a NEGLEY ENTERPRISES, | * | |
|     Debtor | * | |
| | * | |
| FIRST ASSEMBLY OF GOD | * | CASE NO. 1-07-bk-03113MDF |
| OF HARRISBURG, | * | |
|     Plaintiff | * | |
| | * | |
| v. | * | ADV. NO. 1-08-ap-00045 |
| | * | |
| JOHN L. NEGLEY, IV | * | |
| d/b/a NEGLEY ENTERPRISES, | * | |
|     Defendant | * | |

**OPINION**

Before me is the motion of John L. Negley ("Debtor") to dismiss the Complaint filed by First Assembly of God of Harrisburg ("First Assembly") in the above-captioned adversary case. For the reasons that follow, the motion to dismiss will be granted in part and denied in part.

**Procedural History**

Debtor filed the above-captioned bankruptcy case on September 30, 2007. First Assembly has filed proofs of unsecured claims in Debtor's case in the amounts of $28,025.00 and $2,156.00. On February 7, 2008, First Assembly filed the Complaint that is now before me in which it seeks a declaration that its claims are nondischargeable under 11 U.S.C. 523.

The Complaint alleges that on February 12, 2007, First Assembly agreed to purchase from Debtor certain office equipment – namely a Kyocera KM-2530 digital photocopier, a Standard 450SD duplicator, and a Konica Minolta 2490MF desktop color photocopier – for the total price of $28,025.00. Part of the inducement for First Assembly to purchase the equipment

1

was a promise made by Debtor that First Assembly's existing debt in the amount of $3,773.00 to Phillips Office Equipment Company ("Phillips") for its existing equipment would be extinguished through the transaction. Pursuant to the February 12 agreement, on April 25, 2007, First Assembly executed an "Equipment Lease" (the "Lease") in which it agreed to pay to Susquehanna Commercial Finance, Inc. ("Susquehanna") $28,025.00 in sixty (60) monthly installments, after which First Assembly would have an option to purchase the equipment for fair market value.[1] In conjunction with the Equipment Lease, First Assembly executed a "Delivery and Acceptance of Equipment" form in which it acknowledged receipt of the equipment and authorized Susquehanna to make payment for it to Debtor. Upon signing the Delivery and Acceptance form, First Assembly's obligations to Susquehanna under the terms of the Lease became "absolute and irrevocable."

The Complaint alleges that, without First Assembly's knowledge or consent, Debtor "changed the purchase transaction here in question by deleting the agreed upon Kyocera KM-2530 . . . and replacing that model with a Kyocera KM-3050." (Complaint ¶ 11.) It further alleges that Debtor delivered the KM-3050 instead of a KM-2530, and that Debtor never made delivery on the Standard 450SD duplicator. The Complaint alleges that at the time of the lease/purchase, Debtor knew or had reason to know that he could not make delivery of each of the three pieces of office equipment being acquired by First Assembly.

---

[1] The transaction is a "rent to own" arrangement and not an outright installment sales contract. In the Lease, Susquehanna is listed as the Lessor, First Assembly the Lessee and Negley Enterprises ("Negley") the "Vendor." The Lease calls for First Assembly to make sixty (60) payments of $450.00 per month to Susquehanna as "rent."

2

The Complaint also alleges that Debtor paid First Assembly only $1,617.00 of the $3,773.00 that he had promised to pay to extinguish the debt to Phillips. The Complaint alleges that at the time the parties entered into the lease/purchase agreement Debtor knew or had reason to know that he could not pay the full $3,773.00 to Phillips.

Based on these allegation, the Complaint asserts that the debts are non-dischargeable under 11 U.S.C. § 523(a)(2)(A). The Complaint also references 11 U.S.C. § 1328(c)(2), which bars a hardship discharge for debts that would be nondischargeable under § 523, and 11 U.S.C. § 523(a)(3), which precludes the discharge of debts not listed in the schedules.

On March 9, 2008, Debtor filed an answer in which he moved to dismiss the Complaint and also filed a counterclaim against First Assembly. The motion to dismiss is ready for decision.[2]

## Discussion

In deciding a motion to dismiss, I must treat the facts alleged in the complaint as true, construe the complaint in the light most favorable to the non-moving party, draw all reasonable inferences that can be drawn therefrom in favor of the non-moving party, and ask whether, under any reasonable reading of the complaint, the non-moving party may be entitled to relief. *Kehr Packages, Inc.v. Fidelcor, Inc.,* 926 F.2d 1406, 1410 (3d. Cir.), cert. denied, 111 S.Ct. 2839 (1991). I need not determine whether or not the non-moving party ultimately will win his or her cause of action; rather I need only determine whether the plaintiff would be entitled to relief

---

[2]This Court has jurisdiction pursuant to 28 U.S.C. §§157 and 1334. This matter is core pursuant to 28 U.S.C. §157(b)(2)(A), (I) and (O). This Opinion constitutes findings of fact and conclusions of law made pursuant to Federal Rule of Bankruptcy Procedure 7052.

3

under any set of facts that he or she could prove consistent with the allegations set forth in the complaint. *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984).

In this case, Debtor divides his arguments for dismissal into four counts, each of which I will address in turn.

First, Debtor argues that First Assembly does not have a claim for nondischargeability under 11 U.S.C. § 1328(c) because that section governs requests for a "hardship discharge" under § 1328(b) and that Debtor is not seeking a discharge under this provision. First Assembly responds that it properly asserts a case under § 1328(c) since Debtor's successful completion of his chapter 13 case is, at this point, a "matter of conjecture." While First Assembly's observation is accurate, Debtor has not requested a hardship discharge under § 1328(b), and so § 1328(c) is not relevant to Debtor's case at this point. Therefore, the motion to dismiss may be granted to the extent that the Complaint relies on § 1328(c) as a basis for relief.[3]

Second, Debtor argues that First Assembly does not have a claim for nondischargeability under § 523(a)(3) since First Assembly is, in fact, listed as a creditor in Debtor's schedules. First Assembly concedes that it is listed as a creditor and asserts that it did not intend to assert a case for nondischargeability under § 523(a)(3). Accordingly, the motion to dismiss will be granted to the extent that the Complaint relies on § 523(a)(3) as a basis for relief.

Third, Debtor argues that the Complaint should be dismissed because of "insufficiency of service of process" in that First Assembly failed to serve a Summons that included a deadline to

---

[3]It would also appear that filing an adversary Complaint under both § 523(a) and § 1328(c) is redundant, since § 1328(c) does not create grounds for nondischargeability in addition to those enumerated in § 523, but rather it only specifies that any debts covered by § 523 would not be discharged in the event of a hardship discharge.

4

file a response. This argument is without merit. "Minor technical defects," such as the absence of a response date, are generally "insufficient to warrant dismissal without a showing of prejudice." *In re Hechinger Inv. Co. Of Delaware, Inc.*, 287 B.R. 620 (Bankr. D. Del. 2002) (fact that Summons provided a response date that had already passed was technical defect that did not warrant dismissal). Debtor has alleged no prejudice as a result of the lack of a response date on the Summons that First Assembly served. Accordingly, the motion to dismiss for improper service of process will be denied.

Finally, Debtor argues that the Complaint should be dismissed because it fails to state a case for relief under § 523(a)(2)(A) or (B). Section 523(a)(2)(B) precludes discharge of debts for money, property, services or an extension, renewal or refinancing of credit to the extent obtained by use of a statement in writing that is materially false respecting a debtor's financial condition. Section 523(a)(2)(A) precludes discharge of debts for money, property, services or an extension, renewal or refinancing of credit to the extent obtained by false pretenses, a false representation or actual fraud *not* respecting a debtor's financial condition. 11 U.S.C. § 523(a)(2)(A). Debtor argues that First Assembly has not made out a case under § 523(a)(2)(B) because it has not alleged that Debtor obtained anything from First Assembly through a written document respecting his financial condition. I agree. While First Assembly has produced several documents executed in the course of the transaction at issue, none of them make any representations whatsoever regarding Debtor's financial condition. Accordingly, the motion to dismiss will be granted to the extent that the Complaint would rely on § 523(a)(2)(B) as a basis for nondischargeability.

5

As to its case under § 523(a)(2)(A), First Assembly complains that Debtor failed to fulfill his promise to pay off First Assembly's debt to Phillips, which served as an inducement for First Assembly to enter into the agreement. First Assembly also complains that Debtor failed to deliver the Standard 450SD duplicator that was to be delivered under the Equipment Lease. Debtor's motion to dismiss offers neither a counter statement of the facts nor a legal argument that these allegations do not form a basis for relief under § 523(a)(2)(A). Debtor's only challenge to First Assembly's case under § 523(a)(2)(A) is that the Complaint fails to plead fraud with sufficient "particularity" to satisfy Fed. R. Bankr. P. 7009.

The rule that requires allegations of fraud to be pleaded with particularity requires a plaintiff to plead: (1) a specific false representation of material fact; (2) knowledge by the person who made it of its falsity; (3) ignorance of its falsity by the person to whom it was made; (4) the intention that it should be acted upon; and (5) that the plaintiff acted upon it to his damage. *In re Suprema Specialties, Inc. Securities Litigation*, 438 F.3d 256 (3d Cir. 2006); *see also In re Crown-Simplimatic Inc.* 299 B.R. 319, 323 (Bankr. Del. 2003). Plaintiff alleges that Debtor stated that he would pay off the balance owed to Phillips and that he would sell to Plaintiff a specific model digital photocopier. Plaintiff further alleges that at the time of the sale, Debtor knew or had reason to know that he could not acquire and deliver the specified copier and that he could not make the promised reimbursement payments, which he failed to do. Further, Plaintiff alleges these representations were made to induce Plaintiff to enter into the contract and that it has suffered damages. I find that the Complaint pleads fraud with sufficient particularity.

Therefore, Debtor's motion to dismiss the count of the Complaint alleging a cause of action under 11 U.S.C § 523(a)(2) will be denied.

An appropriate order will be entered.

By the Court,

*Mary D. France*
Bankruptcy Judge

Date: August 15, 2008

*This document is electronically signed and filed on the same date.*